## Paterson v. Miller.

Feb. 23, 1940.

Churchill Humphrey, Judge.

Wilbur Fields for appellant.

Thomas A. Barker and W. Scott Miller for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The pleadings and stipulation of fact disclose that the Will B. Miller Company, Incorporated, entered into a contract with A. F. Stich on November 17, 1936, for the erection of a house on a tract of land described in the petition at a cost of $3,100 and on December 3, 1936, entered into another contract with Stich for the erection of twelve houses on another tract of land at a cost of $2,850 per house. On or about December 3, 1936, Stich entered into a contract with appellant, V. A. Paterson, to furnish the necessary labor and materials for painting the thirteen houses at a unit price of $145 per house and to paint three garages at a unit price of $15 per ga-

rage, and to furnish labor and materials for sanding and finishing the floors of nine of the houses at a unit price of $24 per house, making a total contract price of $2,146 for all of this work and material.

The appellant started work on the contract in December, 1936, and the last work and labor performed by him was on September 11, 1937. He was paid $1,160 by Stich leaving a balance due him of $986 as of September 11, 1937. Paterson, out of the payments made to him, applied a sum sufficient to pay for his work on the single house mentioned above so that the balance of $986 is due for work on the twelve houses on the second tract. By separate conveyances between May 17, 1937, and September 10, 1937, appellee sold and conveyed all of the houses. The appellant had completed his work on all except three of the houses more than 35 days before the conveyances were made. Within 35 days after the completion of the work on the last three houses appellant notified appellee that he had furnished labor and materials in the erection of the houses on the tract of land described in the petition and that there was a balance due him of $986 for which he intended to assert his lien and on September 30, 1937, he filed in the office of the Jefferson County Clerk his mechanic's and materialman's lien as required by Section 2463, Kentucky Statutes.

This common-law action was filed by appellant against appellee on December 12, 1938, more than one year after the recording of the lien to recover the balance of $986 due him. The action was on motion transferred to equity and the chancellor entered judgment dismissing the petition. From that judgment this appeal is prosecuted.

The contract as to the twelve houses on one tract of land is a single and not a severable contract. That question was decided in Will B. Miller Company v. Laval, this day decided. Therefore, if appellant had taken the proper steps to preserve his lien he would have been entitled to a lien on all twelve of the houses provided he gave notice of intention, as required by Section 2463, within 35 days after the completion of the work on the last house. No question of lien is involved, however, since proper steps were not taken to preserve a lien and the houses were sold to bona fide purchasers

prior to the recording of the lien. The chancellor dismissed the petition because the action was not filed within one year from the date of filing the lien in the County Clerk's office. The sole question therefore to be considered on this appeal is whether or not appellant lost his right of action against appellee by failing to sue within one year after he recorded his lien in the clerk's office.

Section 2467a-1, Kentucky Statutes, provides that if the owner of land contracts for labor and material to be used in the erection of a structure thereon "under such circumstances that a lien for the payment therefor has or may attach to said property, and shall sell or mortgage same before the expiration of the time provided by law for the filing and recording of a mechanic's lien or materialman's lien thereon, he shall when he received the consideration for said sale or the proceeds of said loan pay * * * for said labor and materials." * * * Certain qualifications are placed on this liability which have no application in this case. The present action was filed pursuant to that section of the Statutes and not to assert a lien. Since the houses had been sold to a bona fide purchaser, it thereby became impossible for appellant to assert his lien thereon. Section 2467a-1 was enacted to meet just the situation that occurred here. Appellee sold the houses at a time when appellant's lien might attach to the property, and by virtue of Section 2467a-1 appellee thereby became personally liable to pay appellant for the amount of materials furnished and labor performed to the extent of the proceeds of sale in its hands. It is true that Section 2470 provides that the liens declared in Chapter 79 of the Kentucky Statutes, which are the liens of mechanics and materialmen, shall be dissolved unless an action is brought to enforce same within 12 months from the date of filing the account in the Clerk's office as required by Section 2468, but appellee by selling the houses at the time they were sold destroyed appellant's right to a lien. No steps appellant thereafter took could secure to him a lien on the houses—such right as he thereafter had was that granted by Section 2467a-1, the right to hold appellant personally liable to the extent of the proceeds of sale.

We conclude that the period of limitation applicable to the right created by Section 2467a-1 is not the limitation provided in Section 2470, applicable to the enforce-

ment of mechanic's and materialman's liens, but the period of five years provided in Section 2515 as to an action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

Judgment reversed, with directions to enter a judgment in conformity with this opinion.