## Will B. Miller Co. v. Peerless Lumber Co.
Sept. 27, 1940.

Churchill Humphrey, Judge.

94

W. Scott Miller and Thomas A. Barker for appellant.
Lawrence Grauman for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On November 17, 1936, the appellant, Will B. Miller Company, entered into a written contract with A. F. Stich, by which the latter undertook to build for the former a house on a certain lot in Louisville for the sum of $3,100, and on December 3, 1936, another contract was entered into, by which Stich undertook to build twelve additional houses for appellant for $2,850 each. The twelve houses covered by the second contract were to be erected on a tract separated from the lot above referred to by 83 feet of land, and all of the property, with the exception of the 83 feet intervening, was owned by the appellant. These contracts are the same contracts described in the case of Paterson v. Miller, 283 Ky. 60, 140 S. W. (2d) 379.

On December 12, 1936, Stich, by written contract, purchased from the appellee, Peerless Lumber Company, for $12,870 certain materials to be used by him in the construction of the thirteen houses; and, beginning December 11, 1936, and continuing to August 19, 1937, the appellee furnished the specified material and additional material, all of which was used in the building project referred to. From time to time Stich made payments on the account, and, after all charges and credits had been entered, the balance due appellee was $7,021.46. Some time between the 1st and the 15th of August, 1937, Stich abandoned the work, leaving nine house unfinished, and after their completion by appellant the balance which it owed Stich was $3,566.84. However, by September 10, 1937, all of the houses had been sold and conveyed by appellant, and among the first completed and conveyed to a bona fide purchaser was the single house on the first tract which Stich had contracted to build for $3,100. On September 21, 1937, the appellee notified appellant in writing that appellee would claim a lien on both tracts and all the houses thereon to secure the payment of the balance due it, and on September 23, 1937, filed the requisite statement in the County Court Clerk's office. On December 21, 1937, appellee instituted this action against the appellant and Stich alleging that the materials furnished Stich were furnished under a single contract with him and were used indiscriminately in the construction of the thirteen houses; that appellee had given the statutory notice and filed a statement of lien upon the stated dates; and that within the period prescribed by statute for the per-

fecting of appellee's lien the appellant had sold the property and received the consideration without paying appellee the amount due it for materials furnished, thus violating Section 2467a-1, Kentucky Statutes, and rendering itself liable to appellee for the debt. The prayer was for a personal judgment against both Stich and the appellant, and from the judgment rendered against the appellant in accordance with this prayer, this appeal is prosecuted.

It may be conceded that unless a claimant has a valid, potential, or actual mechanic's or materialmen's lien, he may not avail himself of the protection afforded by Section 2467a-1, Kentucky Statutes, as that statute makes the owner liable only when he has contracted for labor or material "under such circumstances that a lien for the payment therefor has or may attach," and has sold or mortgaged the property without protecting the lienholder "before the expiration of the time provided by law for the filing and recording" of the lien. It may also be conceded that a materialman cannot assert or enforce a lien on one tract of land or its improvements for material furnished for the erection or repair of improvements on a non-contiguous tract, where the owner of both tracts has made separate contracts for the improvement of each tract. However, by the great weight of authority where materials or labor are furnished under one contract and for one owner in the construction of two or more buildings located on distinct but contiguous lots, one lien may be filed and enforced against all the buildings, and this court so decided in the case of Paterson v. Miller, supra, and in the case of Will B. Miller Lumber Company v. Laval, 283 Ky. 55, 140 S. W. (2d) 376. In fact, the two cases referred to arose out of the same building project as that under consideration in this case, and it was expressly decided that the contract of December 3, 1936, between appellant and Stich for the erection of twelve houses on one tract was a non-severable contract. Accordingly, it was held that since notice of the intention to claim a lien had been given the owner within 35 days after the last item of material had been furnished or labor performed on one or more of the houses, the lien was valid and the claimant entitled to a personal judgment against the owner who had sold the property in violation of Section 2467a-1, Kentucky Statutes, notwithstanding the fact

that many of the twelve houses had been completed and sold more than thirty-five days before the notice was given.

In the Laval case only the twelve houses on the second tract were involved, but in the Paterson case all thirteen houses on both tracts were covered by the contract which Stich, operating under his two separate contracts with appellant, had made with the claimant. In that case as in this one, the claimant filed one statement of lien covering both tracts, and the two cases might be considered identical, except that in the Paterson case Paterson, out of the payments made to him, had applied a sum sufficient to pay in full his claim for material furnished and work performed on the single house on the single tract.

In the case at bar, it is not shown that either party allocated any of the payments made to any particular house. However, as said by the Commissioner in his report, "it was one of the first completed and sold to an outside purchaser before any trouble arose and the Peerless Co. has been paid more than enough to pay it for materials which went into the construction of this house." The chancellor in his opinion did not agree with the reasoning of the Commissioner in eliminating from consideration the separate house on the separate lot but said:

- "As I read the cases, contiguity is merely important as evidence of a unitary enterprise. It is persuasive, but inconclusive either way. A review of the foregoing facts—painfully collated as my contribution—seems to me conclusive that the Miller enterprise, regardless of two contracts and thirteen houses and a separated frontage on Highland Avenue, was a single undertaking to build in bulk and resell in parcels, and that the whole of the land and all of the improvements were responsive to the claim of Materialman Lumber Company."

But by whatever process of reasoning arrived at, we are of the opinion that the judgment rendered by the chancellor was right, since admittedly appellant violated the statute and was not prejudiced by the failure of appellee to file separate statements of lien. Where, as here, an action has been instituted to recover a monetary judgment for a balance due against an owner who

98

has sold the property to innocent purchasers without protecting those entitled to a lien in the manner provided by Section 2467a-1, Kentucky Statutes, the money which has been paid without directions as to its application by the owner should be so applied by the court as to remove any technical defects which otherwise might constitute an obstacle to the carrying out of the legislative intent.

While under some circumstances the failure of appellant to file separate statements of lien against the two tracts might have been fatal to the enforcement of the lien against the property itself, that error should not be permitted to defeat the clear purpose of Section 2467a-1, Kentucky Statutes, to make the owner liable for its violation. In the Paterson case, supra, the claimant applied the payments so as to eliminate from consideration the separate house on the separate lot and we did not hold that he was prohibited from recovering for the violation of the statute because he had filed one lien covering both tracts. It is a maxim of equity that it will treat as done that which ought to be done, and the chancellor has undoubted power to apply payments, when the parties have not directed their application, in such a manner as to further the ends of justice. Anspacher v. Utterback's Adm'r, 252 Ky. 666, 68 S. W. (2d) 15.

Accordingly, we shall treat the one house on the separate lot as eliminated from the case, and upon the authority of the case of Paterson v. Miller, supra, affirm the judgment appealed from.

Judgment affirmed.