**In the Matter of HI-TEK, INC., Bankrupt.**

**No. 71-6722.**

United States District Court, E. D. Kentucky, Lexington Division.

Jan. 9, 1973.

George M. Combs, Lexington, Ky., for Industrial Steel & Supply.

Thomas C. Brabant, Lexington, Ky., for Lexington Building Supply.

## MEMORANDUM

SWINFORD, District Judge.

Industrial Steel & Supply Company, Inc. and Lexington Building Supply Company, Inc. have petitioned the court for review of the Referee in Bankruptcy's decision disallowing their claims as secured claims. The petitioners assert that they are entitled to secured claims in the nature of mechanics liens upon certain property of the bankrupt designated as lot 5a of the Hollow Creek Subdivision of Lexington, Kentucky.

The Referee found that on the date of bankruptcy the bankrupt had title to lots 5 and 5a of the Hollow Creek Subdivision. Lot 5 had been improvd by the erection thereon of five apartment buildings. No improvements or construction had been made or commenced on lot 5a, although it was the bankrupt's intention to improve lot 5a in the future when and if it became feasible. Notwithstanding the bankrupt's future plans, no contract for the improvement of lot 5a had been negotiated. The Referee concluded that under Kentucky law a mechanics lien can attach only to property upon which improvements have been made or construction has been commenced. The opinion of the Referee stated that the petitioners "do not hold valid perfected mechanics liens against the proceeds derived from the sale of lot 5a since none of the materials or labor which they furnished went toward the improvement of the lot."

The court is satisfied that the Referee's findings of fact are correct and that his conclusions of law based thereupon are proper. There exists no evidence that there had been a contract negotiated for the improvement of lot 5a. Moreover it is clear that no construction on lot 5a had been commenced. Inasmuch as the petitioners' contracts for the improve-

ment of lot 5 did not include lot 5a, and in light of the fact that they had not undertaken any construction on lot 5a, they are not entitled under Kentucky law to mechanics liens thereon. KRS 376.010 (1); Central Contractors Service, Inc. v. Ohio County Stone Co., 255 S.W.2d 17 (Ky.1952); Will B. Miller Co. v. Peerless Lumber Co., 284 Ky. 93, 143 S.W.2d 735 (1940); and Will B. Miller Co. v. Laval, 283 Ky. 55, 140 S.W.2d 376 (1940).

Based upon the foregoing reasons and authority and those stated in the findings of fact and conclusions of law of the Referee it is the opinion of the court that the petitioners' petition for review must be denied. An order to that effect will this day be entered.